## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD. and SPIN MASTER, INC., | |
| *Plaintiffs*, | CIVIL ACTION NO: |
| v. | 20-cv-09830 |
| DONNER TECHNOLOGY LLC, and JET STAR EXPRESS, LLC, | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Donner Technology LLC and Jet Star Express, LLC (collectively "Defendants") file their Answer and Affirmatives Defenses to Plaintiffs Spin Master Ltd. and Spin Master, Inc.'s ("Spin Master" or "Plaintiffs") Complaint as follows:

### NATURE OF ACTION

1.      Defendants admit that Plaintiffs Complaint purports to be an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, but denies the legal sufficiency of Plaintiffs' claims and allegations. Defendants further deny the validity and alleged scope of any copyrights asserted by Plaintiffs, and further deny that they have infringed or are infringing any copyrights asserted by Plaintiffs.

### JURISDICTION AND VENUE

2.      Defendants admit that this Court has subject matter jurisdiction for claims arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* pursuant to 28 U.S.C. §§ 1331 and 1338. Defendants deny that subject matter jurisdiction is proper under 15 U.S.C. § 1121, and

further deny that this Court has diversity jurisdiction under 28 U.S.C. §§ 1332, as the amount in controversy does not exceed the sum of seventy-five thousand dollars.

3.      Defendants admit that this Court has personal jurisdiction over Defendants for the limited purposes of this action only, but deny the legal sufficiency of Plaintiffs' claims and allegations. Except as expressly admitted above, Defendants deny each and every allegation in Paragraph 3.

4.      Defendants admit that this judicial district is a proper venue for this action only, but deny the legal sufficiency of Plaintiffs' claims and allegations. Except as expressly admitted above, Defendants deny each and every allegation in Paragraph 4.

**THE PARTIES**

5.      Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 5, and on that basis deny them.

6.      Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 6, and on that basis deny them.

7.      Defendant Donner Technology LLC admits that it is a limited liability company organized and existing under the laws of the State of North Carolina, having a principal place of business at 525 North Tryon Street, Suite 1727, Charlotte, North Carolina 28202.

8.      Defendant Jet Start Express LLC admits that it is a limited liability company organized and existing under the laws of the State of North Carolina, having a principal place of business at 525 North Tryon Street, Suite 1727, Charlotte, North Carolina 28202.

## GENERAL ALLEGATIONS

9.      Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 9, and on that basis deny them.

10.     Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 10, and on that basis deny them.

11.     Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 11, and on that basis deny them.

12.     Defendants admit that Exhibit A to the Complaint purports to be photographs of one or more products that appear to be branded as "Flutterbye." As to the remaining allegations, Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 12, and on that basis deny them.

13.     Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 13, and on that basis deny them.

14.     Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 14, and on that basis deny them.

15.     Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 15, and on that basis deny them.

16.     Defendants admit that Exhibit B to the Complaint purports to include certificates of registration for U.S. Copyright Registration Nos.: VA 1-861-460; VA 1-901-312; and VA 1-899-358, but deny the validity and purported scope of any copyright on the works reflected therein. As to the remaining allegations, Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 16, and on that basis deny them.

17.    Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 17, and on that basis deny them.

18.    Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 18, and on that basis deny them.

19.    Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 19, and on that basis deny them.

20.    Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 20, and on that basis deny them.

21.    Defendants admit that Exhibit C to the Complaint purports to include a product page from www.walmart.com for a product that is branded as "Flying Fairy Pixie Doll Infrared Induction Control Princess Toy Drone." Except as expressly admitted above, Defendants deny each and every allegation in Paragraph 21.

22.    Denied.

23.    Defendants admit that Exhibit D to the Complaint purports to include product reviews from www.walmart.com for a product that is branded as "Flying Fairy Pixie Doll Infrared Induction Control Princess Toy Drone." Except as expressly admitted above, Defendants deny each and every allegation in Paragraph 23.

24.    Defendants admit that Exhibit E to the Complaint purports to include a redacted order confirmation from www.walmart.com for a product that is branded as "Flying Fairy Pixie Doll Infrared Induction Control Princess Toy Drone," which appears to specify a New York address for delivery. Except as expressly admitted above, Defendants deny each and every allegation in Paragraph 24.

25.     Defendants admit that Exhibit F to the Complaint purports to include photographs of a redacted shipping label and packaging and a product branded as "Princess Aerocraft." Except as expressly admitted above, Defendants deny each and every allegation in Paragraph 25.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

**COUNT I: FEDERAL COPYRIGHT INFRINGEMENT**

34.     Defendants reassert and re-allege the responses set forth in Paragraphs 1-33 as if fully set forth herein.

35.     Defendants lack sufficient knowledge as to the truth of the allegations set forth in Paragraph 35, and on that basis deny them.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

### General Denial

Unless expressly admitted herein, Defendants deny each and every allegation contained in Paragraphs 1 through 41 of Plaintiffs' Complaint and deny that Plaintiffs are entitled to any of the relief requested in its Prayer for Relief.

## PRAYER FOR RELIEF

No response is required with regard to Plaintiffs' Prayer for Relief. To the extent any such response may be required, Defendants repeat and incorporate by references its responses to Paragraphs 1 through 41 above and state that Plaintiffs are not entitled to any of the relief sought in the Complaint for each of the reasons set forth in Defendants' Answer and Affirmative Defenses and for the additional reasons that will be established during the course of this proceeding.

## JURY DEMAND

Defendants respectfully requests a trial by jury on all issues triable by jury in this case.


## DEFENDANTS' AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants assert the following affirmative defenses to Plaintiffs' Complaint. Defendants do not admit that they bear the burden of proof for any of these defenses.

### First Defense

Plaintiffs' Complaint and each causes of action alleged therein fails to state a claim upon which relief may be granted.

### Second Defense

One or more of Plaintiffs' alleged copyrights are invalid under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*

6

### Third Defense

Plaintiffs' Complaint and each causes of action alleged therein are barred in whole or in part by the doctrine of fair use.

### Fourth Defense

Plaintiffs' Complaint and each cause of action alleged therein is barred in whole or in part by the doctrine of misuse of copyright.

### Fifth Defense

Plaintiffs' Complaint and each cause of action alleged therein is barred in whole or in part by the relevant statute of limitations.

### Sixth Defense

Plaintiffs' Complaint and each cause of action alleged therein is barred in whole or in part by the doctrines of abandonment or forfeiture of copyright.

### Seventh Defense

Plaintiffs' Complaint and each cause of action alleged therein is barred in whole or in part by the doctrines of estoppel or waiver.

### Eighth Defense

Plaintiffs' Complaint and each cause of action alleged therein is barred in whole or in part pursuant to an express or implied license.

### Ninth Defense

Plaintiffs have failed to mitigate their damages, if any.

### Tenth Defense

Plaintiffs alleged actual damages, if any, are too speculative and imprecise, because Plaintiffs have failed to allege their purported actual damages with requisite particularity.

### Eleventh Defense

Plaintiffs are not entitled to recover any of Defendants' profits because such profits, if any, are not attributable to any alleged infringement and are duplicative of Plaintiffs' purported actual damages.

### Twelfth Defense

Plaintiffs are not entitled to statutory damages for willful infringement because, even if there has been any infringement of a valid copyright (which Defendants deny), Defendants did not willfully, intentionally, recklessly, or maliciously infringe Plaintiffs' alleged rights in the works at issue.

### Thirteenth Defense

Plaintiffs' alleged damages, if any, are limited by Defendants' innocent intent.

### Fourteenth Defense

Plaintiffs' claim is barred to the extent they seek statutory damages that, when measured against any actual damages suffered by Plaintiffs, would be excessive, obviously unreasonable and wholly disproportionate in violation of the Due Process Clause.

### RESERVATION OF RIGHTS

Defendants reserve the right to add any additional defenses and/or counterclaims that discovery may reveal.

## **RELIEF REQUESTED**

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants respectfully pray for relief as follows:

A. An adjudication that Defendants have not and do not infringe any valid copyrights of Plaintiffs;

B. That Plaintiffs recover nothing and Plaintiffs' Complaint be dismissed with prejudice;

C. That this Court deny any injunctive relief in favor of Plaintiffs and against Defendants;

D. That Defendants be awarded their costs of suit, including reasonable attorneys' fees; and,

E. That Defendants be granted such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of February 2021.

/s/ Erik Dykema
_____

Erik Dykema
erik@zellerip.com

**Zeller IP Group PLLC**
155 Water Street
Suite 6/6
Brooklyn, New York 11201
Tel: 972-920-8002

*Of counsel:*

Scott P. Amy (*pro hac vice to be submitted*)
s.amy@thip.law
Joseph W. Staley (*pro hac vice to be submitted*)
j.staley@thip.law

**THOMAS | HORSTEMEYER LLP**
3200 Windy Hill Road SE
Atlanta, GA 30339
Phone: (770) 933-9500
Fax: (770) 951-0933

*Attorneys for Defendant Donner Technology LLC
and Jetstar Express LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

Respectfully submitted,

/Erik Dykema/
_____