UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD. and SPIN MASTER, INC.<br>*Plaintiffs*<br><br>v.<br><br>DONNER TECHNOLOGY LLC; and JETSTAR EXPRESS, LLC<br>*Defendants* | CIVIL ACTION NO.: 1:20-cv-09830-AKH<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER GOVERNING CONFIDENTIALITY** |

IT IS HEREBY STIPULATED by the parties to the above-captioned action ("Parties", each a "Party", and "Action", respectively) by and through their undersigned counsel of record that, pursuant to Federal Rule of Civil Procedure 26(c), the Parties have agreed to the following terms of confidentiality. Therefore, the Court, having found that good cause exists for the issuance of this appropriately-tailored Stipulation and Protective Order Governing Confidentiality ("Protective Order"), which governs the pre-trial phase of this Action, has hereby ORDERED that any person subject to this Order—including, without limitation, the Parties to this Action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual notice of this Order—shall adhere to the following terms, upon pain of contempt:

**SCOPE OF THE PROTECTIVE ORDER**

1. This Protective Order shall govern the handling of confidential, proprietary or trade secret information produced by or on behalf of any Party or furnished by any person associated with any Party in this Action on or after the date of this Protective Order in documents, information contained in documents, deposition testimony, deposition exhibits,

1

deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material or things produced, given or exchanged and any information contained therein or derived therefrom, including, without limitation, documents, materials and things produced pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure in this Action ("Discovery Material").

2.  Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the designating Party consents in writing to such disclosure or if the Court allows such disclosure.

## TWO-TIERED DESIGNATIONS

3.  Any Party, non-Party, person or entity producing Discovery Material in this Action ("Producing Party") may designate such Discovery Material, in appropriate circumstances, as (1) "CONFIDENTIAL" or (2) "CONFIDENTIAL - ATTORNEYS' EYES ONLY". All "CONFIDENTIAL" designations must be based on a good faith belief that the Discovery Material so designated contains non-public, confidential, proprietary, commercially sensitive information, and/or information subject to a legally protected right of privacy. All "CONFIDENTIAL - ATTORNEYS' EYES ONLY" designations must be based on a good faith belief that the Discovery Material so designated contains extremely sensitive confidential information, the disclosure of which would create a substantial risk of serious competitive injury. The identification of Discovery Material with either of these designations is referred to herein as "Confidential Designation" or "Designated Pursuant to This Protective Order."

## TIME AND MANNER OF DESIGNATION

4.  The Confidential Designation of Discovery Material shall be made by written notice in the Discovery Material by affixing, stamping or otherwise clearly marking the words

"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to every page in a location that makes the Confidential Designation readily apparent and in a manner that does not interfere with the legibility.  Wherever practicable, the Confidential Designation shall be made prior to, or contemporaneously with, the production or disclosure of Discovery Material.

    a.    In the case of electronically stored Discovery Material produced in native format, a Confidential Designation shall be made by including "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" in the file or directory name, or by affixing the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to the media containing the Discovery Material (e.g., CD-ROM, thumb drive, floppy disk, DVD, etc.);

    b.    in the case of deposition testimony, documents submitted as exhibits to a deposition, or any other pre-trial testimony, a Confidential Designation shall be made either by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony or by written notice sent to all Parties within fourteen (14) days after receipt of the final transcript; provided that only those portions of the transcript designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY".  The transcript of testimony shall reasonably delineate the beginning and end of testimony Designated Pursuant to This Protective Order and non-designated testimony, with any page of the transcript that contains testimony Designated Pursuant to This Protective Order bearing a prominent Confidential Designation.  Testimony relating to exhibits Designated Pursuant to This Protective Order shall be designated the same as such exhibits.  Separate transcripts of

testimony Designated Pursuant to This Protective Order and non-designated testimony shall not be prepared.

5. A Party shall have the right to request a Confidential Designation for Discovery Material called for by another Party's subpoena to a non-Party, in cases where the Discovery Material was provided by the Party to the non-Party, or vice-versa, pursuant to an agreement that the Discovery Material was primarily provided on a confidential or highly confidential basis, provided such request is made to the non-Party, and copied to the other Party, within fourteen (14) days of production of the Discovery Material to the requesting Party. Further, if Discovery Material marked with a Confidential Designation is called for in a subpoena by a non-Party to this Action, the non-Party to whom the subpoena is directed shall immediately give written notice thereof to each Party that has designated the Discovery Material and shall provide each such designating Party with an opportunity to object to the production of such Discovery Material in response to the subpoena.

6. In the event that a Producing Party makes Discovery Material available for inspection rather than delivering copies of Discovery Material to another Party, no Confidential Designation need be made in advance of the initial inspection. For purposes of the initial inspection, all Discovery Material shall be considered as having been designated at least "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**USE OF DESIGNATED DISCOVERY MATERIAL**

7. **"CONFIDENTAL"**: Except as set forth herein or unless otherwise ordered by the Court or upon prior express written consent of the Parties, all Discovery Material designated "CONFIDENTIAL" may be disclosed to:

4

a.     outside counsel representing the Parties in this Action, provided that counsel has entered an appearance in this case.  This includes clerical, secretarial and administrative employees of such counsel assigned to assist in the preparation of this Action ("Outside Counsel of Record");

b.     in-house counsel for the Parties herein, if any, who are necessary for the furtherance of this litigation, including clerical, secretarial and administrative employees of such counsel ("In-House Counsel");

c.     the Parties to this Action, other than In-House Counsel, provided, however, that disclosure may be made only to the extent deemed reasonably necessary by Outside Counsel of Record for the purpose of assisting in the prosecution or defense of the Action for use in accordance with this Protective Order and not for any business, governmental or regulatory purpose or function, except as may be subpoenaed by any court, administrative or legislative body;

d.     the Court, or any Court personnel, and court reporters or videographers transcribing or recording testimony in a hearing, deposition or at trial in this Action;

e.     any person identified from the four corners of the Discovery Material itself as having authored or previously received the Discovery Material;

f.     subject to Paragraph 9, any person with whom a Party may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof, provided such person is not a current employee of such Party and has not been a consultant within the last three (3) years for such Party, except as an expert consultant or witness specially retained for or in anticipation of litigation or preparation

for trial in any case ("Independent Expert"), provided such Independent Expert has executed an undertaking in the form attached as Exhibit A hereto;

g. subject to Paragraph 10, witnesses or deponents in this Action and their counsel, only to the extent necessary to prepare for or conduct testimony or depositions in this Action, and provided such witnesses or deponents have executed an undertaking in the form attached as Exhibit A hereto; and

h. any other persons who may be specifically designated by consent of all Outside Counsel of Record or pursuant to an order of the Court, provided such persons have executed an undertaking in the form attached as Exhibit A hereto.

8. **"CONFIDENTIAL – ATTORNEYS' EYES ONLY":** Except as set forth herein or unless otherwise ordered by the Court or by prior express written consent of the Parties, all Discovery Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to:

a. Outside Counsel of Record;

b. In-House Counsel;

c. the Court, or any Court personnel, and court reporters or videographers transcribing or recording testimony in a hearing, deposition or at trial in this Action;

d. any person identified from the four corners of the Discovery Material itself as having authored or previously received the Discovery Material;

e. subject to Paragraph 9, any Independent Expert, provided such Independent Expert has executed an undertaking in the form attached as Exhibit A hereto; and

6

f.    any other persons who may be specifically designated by consent of all Outside Counsel of Record or pursuant to an order of the Court, provided such persons have executed an undertaking in the form attached as Exhibit A hereto.

9.    Notwithstanding Paragraph 7(f) and 8(e), Discovery Material Designated Pursuant to This Protective Order may be disclosed to persons listed therein only to the extent necessary for such Independent Expert to prepare a written opinion, to prepare to testify, or to assist counsel in this Action, provided that such Independent Expert (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or potential transaction counterparty of any Party, as far as the Independent Expert can reasonably determine, and (ii) is using said Discovery Material solely in connection with this Action.  Independent Experts are hereby specifically advised, informed, and otherwise on actual notice that their written work product that contains or discloses the substance of Discovery Material Designated Pursuant to This Protective Order is subject to all the provisions of this Protective Order.  Counsel for the Party showing, providing, or disclosing Discovery Material Designated Pursuant to This Protective Order to any person required to execute an undertaking pursuant to this Protective Order shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

10.   Notwithstanding Paragraph 7(g), Discovery Material Designated Pursuant to This Protective Order may be disclosed to persons listed therein only after such witness or deponent is first provided with a copy of this Protective Order and (i) confirms his or her understanding and agreement to abide by the terms of this Protective Order by making such a statement on the record, and by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders him or her to abide by the terms of this Protective Order. Counsel

7

for the Party showing, providing, or disclosing Discovery Material Designated Pursuant to This Protective Order to any person required to execute an undertaking pursuant to this Protective Order shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

11. The procedure for the Party seeking to reveal Discovery Material Designated Pursuant to This Protective Order to any of the persons referred to in Paragraphs 7(f), 7(g), 7(h), 8(e), and 8(f) above shall be as follows:

    a. The Party seeking to reveal such Discovery Material Designated Pursuant to This Protective Order shall, at least ten (10) days prior to the intended date of disclosure of such Discovery Material to such persons, provide the following information to the designating Party:

        i. a specific identification of the Discovery Material that the Party is seeking to reveal to such persons;

        ii. a short statement of the reason for the proposed disclosure of the Discovery Material;

        iii. the name and residential address and telephone number of the person to whom the Party desires to reveal Discovery Material Designated Pursuant to This Protective Order; and

        iv. the name, address, and business or professional affiliation and job title of the persons to whom the Party desires to reveal Discovery Material Designated Pursuant to This Protective Order.

    b. In addition, the Party seeking to reveal Discovery Material Designated Pursuant to This Protective Order shall first provide the person with a copy of this Protective Order

and shall obtain, from such person, an executed undertaking in the form attached as Exhibit A, stating that the person has read this Protective Order, understands its provisions, agrees to be bound hereby, and agrees to be subject to the jurisdiction of this Court in any proceedings relative to the enforcement of the Protective Order.  Counsel shall maintain a complete record of every original signed undertaking obtained from any person pursuant to this Protective Order.

c. Within ten (10) days of receipt of the information described in Paragraph 11(a) and undertaking described in Paragraph 11(b), the designating Party may object in writing to the disclosure of Discovery Material Designated Pursuant to This Protective Order to the person whom the requesting Party seeks to disclose such Discovery Material, if the designating Party believes that there is a reasonable likelihood that such person:

   i. is not an Independent Expert;

  ii. may use the Discovery Material Designated Pursuant to This Protective Order for purposes other than the preparation or trial of this case; or

  iii. possesses confidential information of the designating Party.

Failure to object in writing within ten (10) days to the proposed disclosure of Discovery Material Designated Pursuant to This Protective Order shall be deemed consent to such disclosure.

d. If an objection to the disclosure of Discovery Material Designated Pursuant to This Protective Order pursuant to this Paragraph 11 is not resolved by the Parties within ten (10) days of service of the written notice of objection described in Paragraph 11(c), the requesting Party may file a motion with respect to such objection within twenty (20) days of service of the notice of objection.  If such a motion is filed, the disclosure of

Discovery Material Designated Pursuant to This Protective Order to the person objected to shall be withheld pending the ruling of the Court on any such motion.

No copies, extracts, or summaries of any Discovery Material Designated Pursuant to This Protective Order shall be made except by or on behalf of Outside Counsel of Record.  Any such copies, extracts, or summaries shall also be designated and treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", respectively, and shall not be delivered or exhibited to any persons except as provided by this Protective Order.

12. If any Party intends to file any Discovery Material Designated Pursuant to this Protective Order, whether as part of pleadings, briefs, motion papers, letters, affidavits or otherwise, with the Court ("Filing(s)"), such Party shall seek permission from the Court to file the same under seal or with the Discovery Material Designated Pursuant to This Protective Order redacted, in accordance with Rule 4 of the Individual Rules of the Honorable Alvin K. Hellerstein.  If any Party fails to seek permission to file Discovery Material Designated Pursuant to this Protective Order under seal or to seek permission to redact the Discovery Material Designated Pursuant to This Protective Order from the Filing(s), the Producing Party or the Party claiming the confidentiality of the Discovery Material Designated Pursuant to This Protective Order may request that the Court place the Filings under seal or redact the Discovery Material Designated Pursuant to This Protective Order.

13. Discovery Material shall be used solely for purposes of this Action, and shall not be used for any other purpose, including, without limitation, any business, commercial, governmental or regulatory purpose or function, or any other litigation or proceeding, except as may be subpoenaed by any court or administrative or legislative body, provided, however, that

10

the foregoing shall not apply to Discovery Material that is, or becomes, part of the public record in a manner that does not constitute a violation of this Protective Order.

## USE OF DESIGNATED DISCOVERY MATERIAL IN COURT

14. Neither the provisions of this Protective Order nor the filing of any Discovery Material under seal shall prevent the use, in open court, at any hearing or at trial of this case, of any Discovery Material that is subject to this Protective Order or filed under seal pursuant to its provisions. The Parties shall meet and confer concerning appropriate methods for dealing with Discovery Material Designated Pursuant to This Protective Order at hearings and at trial.

## FAILURE TO DESIGNATE

15. The inadvertent failure to make a Confidential Designation of Discovery Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may give written notice to the receiving Party, including copies of the Discovery Material appropriately Designated Pursuant to This Protective Order, that the Discovery Material is deemed Designated Pursuant to The Protective Order and should be treated as such in accordance with the provisions of this Protective Order. Upon receiving such notification of the Confidential Designation of the Discovery Material, the receiving Party shall use its reasonable and good faith efforts to collect any and all copies of the inadvertently-produced Discovery Material from persons not entitled access to such Discovery Material had it initially been properly designated, and the Discovery Material shall thereafter be treated as if it had been timely Designated Pursuant to This Protective Order. If the receiving Party is subject to excessive costs or burden in connection with undertaking to comply with this Paragraph, then the Producing Party shall reimburse the receiving Party for the reasonable expenses incurred in connection therewith. In no event shall the inadvertent disclosure by the Producing Party of Discovery Material without the appropriate

Confidential Designation be deemed to be a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject.

### INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

16. Any inadvertent production of Discovery Material containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine or any other applicable privilege or doctrine. Each Party specifically reserves the right to demand the return of any privileged document or other Discovery Material that it may produce inadvertently during discovery if the Party determines that such Discovery Material contains privileged information. After receiving notice of such inadvertent production by the Producing Party, the receiving Party shall make reasonable and good faith efforts to locate and return to the Producing Party all copies of such inadvertently-produced Discovery Material. If the receiving Party is subject to excessive costs or burden in connection with undertaking to comply with this Paragraph, then the Producing Party shall reimburse the receiving Party for the reasonable expenses incurred in connection therewith.

### CHALLENGING THE STATUS OF DESIGNATED INFORMATION

17. Unless and until otherwise ordered by the Court or agreed to in writing by the Parties, all Discovery Material Designated Pursuant to This Protective Order shall be treated in accordance with its designation and shall not be disclosed except under the terms of this Protective Order.

18. In the event that a Party challenges another Party's Confidential Designation, counsel shall make a good faith effort to resolve the dispute, by the following procedure:

a. The Party objecting to the designation of Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", may, in writing, request that the designating Party remove or change the Confidential Designation. Such written request shall specifically identify the Discovery Material at issue.

b. The designating Party shall respond in writing within ten (10) business days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreed to by the Parties. If the designating Party refuses to remove or change the Confidential Designation as requested, its written response shall state the reasons for this refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

c. If the designating Party fails to respond to a request or refuses to remove or change the designation, the Party requesting re-designation shall have twenty (20) days to file a motion seeking such re-designation. It shall be the burden of the designating Party under such circumstances to establish by a preponderance of the evidence that the information is correctly designated within the meaning of this Protective Order.

d. In the event of such a motion, the Discovery Material at issue may be submitted to the Court for in camera inspection.

19. This Protective Order shall not constitute a waiver of either Party's rights under the Federal Rules of Civil Procedure or the Local Rules of this Court.

**MISCELLANEOUS**

20. No later than sixty (60) days after the final adjudication of this Action, including any appeals, and upon written request by a designating Party, all Discovery Material Designated

13

Pursuant to This Protective Order shall be returned to the designating Party or shall be destroyed, unless a motion seeking modification of this Protective Order is filed.  In the event that such materials are destroyed, the person(s) responsible for such destruction shall certify in writing to the completion and manner of destruction.  Notwithstanding the foregoing, a Party may retain one archival copy of each pleading, ruling and order, each deposition, hearing, and trial transcript and exhibit, and correspondence maintained by the Parties' Outside Counsel of Record in their respective litigation files in the ordinary course of business.

21. Nothing in this Protective Order shall limit any Producing Party's use or disclosure of its own Discovery Material for any purpose, nor shall it impose any restrictions on the use or disclosure by any person of Discovery Material Designated Pursuant to This Protective Order obtained lawfully by such person independently of the discovery proceedings in this Action, and not otherwise subject to confidentiality restrictions.

22. The Court retains jurisdiction to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate.  Either Party may make a request to the Court for any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of Discovery Material Designated Pursuant to This Protective Order.

23. Nothing in this Protective Order shall prevent or otherwise restrict Outside Counsel of Record from rendering advice to their clients and in the course thereof, relying generally on examination and review of Discovery Material Designated Pursuant to This Protective Order; provided, however, that in rendering such advice or otherwise communicating with such client, counsel shall not make specific disclosure of Discovery Material Designated Pursuant to This Protective Order.

24. Nothing in this Protective Order constitutes an admission by any party that Discovery Material Designated Pursuant to This Protective Order disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all disclosed Discovery Material Designated Pursuant to This Protective Order, in accordance with applicable laws and court rules.

**STIPULATED AND APPROVED FOR ENTRY BY:**

| | |
|---|---|
| **EPSTEIN DRANGEL LLP**<br><br>BY: /S Kerry B. Brownlee<br>Kerry B. Brownlee (KB 0823)<br>kbrownlee@ipcounselors.com<br>60 East 42nd Street, Suite 2520<br>New York, NY 10165<br>Telephone: (212) 292-5390<br>Facsimile: (212) 292-5391<br><br>*Attorney for Plaintiffs*<br><br>DATED: May 18, 2021 | **ZELLER IP GROUP, PLLC**<br><br>Erik J. Dykema<br>erik@zellerip.com<br>155 Water Street, Suite 6-6<br>Brooklyn, NY 11201<br>Telephone: (646) 759-0999<br><br>**THOMAS HORSTEMEYER LLP**<br><br>BY: /S Scott P. Amy<br>Scott P. Amy (*admitted pro hac vice*)<br>Joseph W. Staley (*admitted pro hac vice*)<br>3200 Windy Hill Road SE<br>Atlanta, Georgia 30309<br>Telephone: (770) 933-9500<br>Facsimile: (770) 951-0933<br>s.amy@thip.law<br>j.staley@thip.law<br><br>*Attorneys for Defendants*<br><br>DATED: May 18, 2021 |

SO ORDERED

Dated: May 19, 2021         /s/ Alvin K. Hellerstein
New York, New York          _____
                            Hon. Alvin K. Hellerstein
                            U.S. District Court Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPIN MASTER LTD. and SPIN MASTER, INC.<br>*Plaintiffs*<br><br>v.<br><br>DONNER TECHNOLOGY LLC; and JETSTAR EXPRESS, LLC<br>*Defendants* | CIVIL ACTION NO. 20-cv-9830-AKH |

**UNDERTAKING**

I, _____, hereby certify that I have read the Stipulation and Protective Order Governing Confidentiality (the "Order") entered in the above-captioned case on _____, 2021, and that I understand the terms, conditions and restrictions it imposes on any person given access to "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" (collectively, "Confidential Designation") materials. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.

I will not disclose Confidential Designation materials to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials. I hereby consent to be subject to the personal jurisdiction of the United States District Court for the Southern District of New York with respect to any proceedings relative to the enforcement of the Order, including any proceeding related to contempt of Court.

1

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Undertaking is executed this _____ day of _____, 2021.

_____
Signature

_____
Home Address

_____
Home Phone

_____
Employer/Business

_____
Job Title/Description